IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY TIDWELL,

     Plaintiff,

v.             1:10-cv-2011-WSD

KRISHNA Q INVESTMENTS,
LLC, d/b/a Quality Inn & Suites
Atlanta Airport South,

     Defendant.

**OPINION AND ORDER**

This matter is before the Court on Krishna Q Investments, LLC's ("Defendant") Motion for Attorneys' Fees ("First Motion for Attorneys' Fees") [19] and Second Motion for Attorney's Fees [23], and Timothy Tidwell's ("Plaintiff") Motion to Vacate Clerk's Judgment for Costs to Defendant [25].

**I. BACKGROUND[1]**

On June 28, 2010, Plaintiff filed his Complaint requesting declaratory relief, injunctive relief, attorney's fees, litigation expenses, and costs for alleged violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, et seq.  (Compl. at 1, 15-16).  On September 28, 2010, Plaintiff

---

[1] The factual background and history of this case is well-documented in the Court's Orders of August 23, 2011, and February 13, 2012 [8, 16].

filed a proof of service that indicated service was made upon the General Manager of Defendant's hotel, Mr. Alex Limbachia ("Limbachia"), after that individual indicated he could accept service on behalf of Defendant [5].[2]

On November 4, 2010, Plaintiff filed a Request for Clerk to Enter Default [6], which was approved and entered that day. On May 26, 2011, Plaintiff filed his Motion for Default Judgment [7].

On August 23, 2011, the Court ordered that a hearing be held on September 20, 2011, regarding Plaintiff's Motion for Default Judgment [8].

On September 10, 2011, the General Manager of Defendant's hotel in Georgia received copies of the Court's August 23, 2011, Opinion and Order, and Plaintiff's Motion for Default Judgment from Plaintiff's counsel in the mail and forwarded the documents to Defendant's Managing Member and Registered Agent, Nimesh Bhagat ("Bhagat"), in California. (Def.'s Memo. of Law in Supp. of Mot. to Set Aside Entry of Default and Opp'n to Pl.'s Mot. for Default J. at 13-14; Decl. of Nimesh Bhagat ¶¶ 28-29). Prior to September 10, 2011, Bhagat and Defendant had no knowledge of this case. (Id.).

---

[2] Defendant claims that Limbachia was not an agent authorized to accept service on its behalf. (Def.'s Memo. of Law in Supp. of Mot. to Set Aside Entry of Default and Opp'n to Pl.'s Mot. for Default J. at 13-14).

On September 12, 2011, Plaintiff filed a request for stay of the hearing scheduled for September 20, 2011, and stated that materials regarding the case "had [previously] been delivered to" someone other than Defendant, that Defendant was now aware of the case, and the parties were working toward settlement [9]. Plaintiff requested a stay of the previously-scheduled hearing for six weeks, which was granted by the Court. Defendant claims that there was no discussion of settlement at the time Plaintiff filed his request for a stay of the hearing. (Decl. of Nimesh Bhagat ¶ 31).

On October 13, 2011, counsel for Defendant filed a Notice of Appearance [10]. On October 20, 2011, Defendant filed a Motion to Set Aside Entry of Default and Opposition to Motion for Default Judgment [12].

On November 1, 2011, Plaintiff requested an extension of time to file a response to Defendant's Motion to Set Aside Entry of Default [13]. On November 2, 2011, the Court granted Plaintiff an extension until November 11, 2011, to respond to Defendant's motion [14].

On November 12, 2011, Plaintiff filed his response [15].[3] Plaintiff did not oppose Defendant's Motion to Set Aside Entry of Default and was "completely

---

[3] Although Plaintiff failed to meet the deadline imposed by the Court, the Court considered the response in ruling on Defendant's Motion to Set Aside Entry of

agreeable to set aside the Default." (Pl.'s Resp. to Def.'s Mot. to Set Aside Default at 1).

On February 13, 2012, the Court granted Defendant's Motion to Set Aside Entry of Default and denied Plaintiff's Motion for Default Judgment as moot [16]. After reviewing the briefing by the parties on Defendant's Motion to Set Aside Entry of Default, the Court determined that "an in-chambers conference pursuant to Rule 16 of the Federal Rules of Civil Procedure [was] required to allow the Court to manage the discovery and litigation of this matter." (Order of Feb. 13, 2012, at 4). The Court ordered that "[a]ll counsel, including counsel admitted *pro hac vice*, [were] required to attend" an in-chambers Rule 16 conference on February 22, 2012. (Id. at 5).

On February 15, 2012, Plaintiff filed his Notice of Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) [17], which was approved and entered by the Court that day.[4]

---

Default because November 11, 2011, was a federal holiday. See Fed. R. Civ. P. 6(a).

[4] Defendant asserts that Plaintiff's Notice of Dismissal was with prejudice. (Def.'s Memo. in Supp. of Mot. for Attorneys' Fees at 11). The Court disagrees and finds the dismissal was without prejudice because Plaintiff's Notice of Dismissal did not state the claims were dismissed with prejudice and his claims were not previously dismissed in any other federal- or state-court action. See Fed. R. Civ. P. 41(a)(1)(B); Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009).

On March 1, 2012, Defendant filed a Bill of Costs with the Clerk of Court and asserted that the February 15, 2012, Notice of Dismissal constituted a judgment having been entered against Plaintiff [18].

On March 1, 2012, Defendant also filed its First Motion for Attorneys' Fees [19].  In it, Defendant claims it is entitled to an award of attorneys' fees on two alternate grounds: (1) it is the prevailing party pursuant to Federal Rule of Civil Procedure 54 and entitled to an award of attorneys' fees pursuant to the fee-shifting statute for ADA actions, 42 U.S.C. § 12205; or, alternatively, (2) an award of attorneys' fees should be granted to Defendant as a sanction based on the Court's inherent authority and 28 U.S.C. § 1927 because Plaintiff's claim was frivolous and litigated in bad faith by his counsel.  (Def.'s First Mot. for Attorneys' Fees at 1-2; Def.'s Memo. in Supp. of First Mot. for Attorneys' Fees at 1, 10-16).

On March 19, 2012, Plaintiff filed his response to Defendant's First Motion for Attorneys' Fees [20].  Plaintiff asserts that the imposition of costs or attorneys' fees is inappropriate because Plaintiff's Notice of Dismissal was filed pursuant to Federal Rule of Civil Procedure 41(a)(1) and Defendant is not a prevailing party. (Pl.'s Resp. to Def.'s First Mot. for Attorneys' Fees at 2-5).  Plaintiff also asserts that sanctions are inappropriate because the Court is unable to weigh any of the evidence in light of the Notice of Dismissal, "[p]laintiff has sufficiently pled his

case in his Complaint[,] and this Court cannot determine from the record that Plaintiff's Complaint was frivolous." (Id. at 6-7). (Id.). Even if the Court considered whether the Complaint is frivolous or asserted in bad faith, Plaintiff claims that the evidence proffered by Defendant in support of its claim for attorneys' fees as a sanction is one-sided, based on a self-serving affidavit that contains hearsay evidence, and is insufficient to establish bad faith or frivolity. (Id.). In sum, Plaintiff claims Defendant's First Motion for Attorneys' Fees presents this Court "with two different, contradictory sides to an argument" and there is "absolutely no evidence before the Court that Plaintiff's Complaint was filed frivolously." (Id. at 7).

On March 19, 2012, the Clerk of Court also taxed costs in the amount of $125.50 against Plaintiff based on the March 1, 2012, Bill of Costs filed by Defendant [21].

On March 29, 2012, Plaintiff filed his Motion to Vacate Clerk's Judgment for Costs to Defendant [25]. Plaintiff seeks to have the Clerk of Court's taxation of costs in favor of Defendant vacated because Defendant is not a prevailing party and not entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54. (Pl.'s Mot. to Vacate Clerk's J. for Costs to Def. at 2).

On March 29, 2012, Defendant also filed its Second Motion for Attorney's Fees [23] and provided the Court with a revised figure for the attorneys' fees it seeks to recover in this action—$12,472.25.  That day, Plaintiff responded to Defendant's Second Motion for Attorney's Fees, reiterated his claim that Defendant is not entitled to an award of attorneys' fees, and, in any event, the claimed amount is based on an unreasonable rate and unreasonable amount of time for the legal services provided [26].

The Court addresses: (1) whether Defendant is entitled to an award of costs or attorneys' fees as a prevailing party; and, (2) whether Defendant is entitled to an award of attorneys' fees as a sanction for Plaintiff's filing of a frivolous complaint, or otherwise acted in bad faith.

## II.   DISCUSSION

### A.   Whether Defendant is entitled to an award of costs or attorneys' fees as a prevailing party

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, unless the Court orders otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  In an ADA action, "the court or agency, in its discretion, may allow the prevailing party, other than the United

States, a reasonable attorney's fee, including litigation expenses, and costs."[5]  42

U.S.C. § 12205.  Costs that may be taxed include, among others, "[f]ees for printed

or electronically recorded transcripts necessarily obtained for use in the case" and

"costs of making copies of any materials where the copies are necessarily obtained

for use in the case."  28 U.S.C. § 1920(2) and (4).

The general principle for an award of costs and attorneys' fees to a

prevailing party is well-settled.  A "prevailing party" is a party that has been

afforded some relief by the court.  Buckhannon Bd. & Care Home, Inc. v. West

---

[5] The Court notes that Defendant relies upon Christiansburg Garment Company v. Equal Employment Opportunity Commission, 434 U.S. 412, (1978), for the proposition that "[a] prevailing defendant may be awarded attorney's fees where the plaintiff's action was frivolous, unreasonable, and without foundation."  (Def.'s Memo. in Supp. of Mot. for Attorneys' Fees at 11).  Christiansburg and the cases cited by Defendant in support of its claim for attorneys' fees addressed the circumstances under which "an attorney's fee should be allowed when the defendant is the prevailing party in a Title VII action."  Christiansburg, 434 U.S. at 414, 421; Quintana v. Jenne, 414 F.3d 1306, 1311-12 (11th Cir. 2005); Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422-23 (11th Cir. 1996); Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1558-59 (11th Cir. 1995); Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir. 1987); Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1188-89 (11th Cir. 1985); Mawere v. Citco Fund Servs., (USA) Inc., No. 09 Civ. 1342(BSJ)(DF), 2011 WL 7448898, at *3-*4 (S.D.N.Y. Feb. 7, 2012).  Although the Christiansburg standard for an award of attorneys' fees to a prevailing defendant in a Title VII action applies to attorneys' fees claims by a prevailing defendant in an ADA action, the cases cited by Defendant do not alter the threshold requirement of 42 U.S.C. § 12205 that recovery of attorney's fees and costs in an ADA action requires prevailing party status.  See 42 U.S.C. § 12205; Fed. R. Civ. P. 54(d)(1); Bruce v. City of Gainesville, Ga., 177 F.3d 949, 950-52 (11th Cir. 1999).

Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001).[6] To be considered a prevailing party, "there must be: (1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial *imprimatur* on the change' in the legal relationship between the parties." Smalbein v. City of Daytona Beach, 353 F.3d 901, 905-07 (11th Cir. 2003) (quoting Buckhannon, 532 U.S. at 603, 605); see also Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1203-06 (11th Cir. 2012).

Notices and stipulations of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) are effective upon filing and require no action by the district court. See Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003); Meinecke v. H &R Block of Houston, 66 F.3d 77, 82 (5th Cir. 1995); Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976);[7] Gibson v. Walgreen Co., No. 6:07-cv-1053-Orl-28KRS, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008); Johnson v. Pringle Dev., Inc., No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at *2, *2 n.8 & n.9 (M.D. Fla. Aug. 1, 2006). Orders or docket entries approving stipulations of

---

[6] The Court notes that the Buckhannon court abandoned the "catalyst test" for determining if a party was a prevailing party. 532 U.S. at 602, 605.

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

dismissal are "of no consequence," "superfluous," and do not constitute a judgment by the district court.  See id.

A notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) does not constitute relief from the court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties such that any party may claim "prevailing party" status for the purpose of an award of costs or attorneys' fees.  See Fed. R. Civ. P. 41(a)(1); Buckhannon, 532 U.S. at 603, 605; Cadkin, 569 F.3d at 1146, 1149-50 (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) does not confer prevailing party status upon a defendant and involves no judicial *imprimatur* altering the legal relationship between the parties); RFR Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007) (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) does not confer prevailing party status upon a defendant and involves no judicially sanctioned change in the relationship between the parties); Smalbein, 353 F.3d at 905; Williams, 531 F.2d at 1263-64 (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is a right plaintiff has and a court has "no power or discretion to deny plaintiffs' right to dismiss or attach any condition or burden to that right," including payment of attorneys' fees); Harris v. Captiva Condos., LLC, No. 6:08-cv-210-Orl-28KRS, 2008 WL 4911237, at *2 (M.D. Fla. Nov. 14, 2008) ("Under Buckhannon and its progeny, a voluntary

dismissal pursuant to Rule 41(a)(1) does not create a prevailing party because it did not require judicial approval, and thus the judicial imprimatur requirement is not met."); DeShiro v. Beach, 183 F.R.D. 281, 286 (M.D. Fla. 1998) (voluntary dismissal pursuant to Rule 41(a)(1) does not confer prevailing party status upon a defendant and does not permit an award of attorneys' fees).[8]

Plaintiff's dismissal of its ADA claim against Defendant was entered pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) [17].  Defendant did not obtain relief from the Court on the merits of any claim and there was no judicial *imprimatur* altering the legal relationship between Plaintiff and Defendant such that any party may claim "prevailing party" status for the purpose of an award of costs or attorneys' fees.  See Fed. R. Civ. P. 41(a)(1); Buckhannon, 532 U.S. at 603, 605; RFR Indus., Inc., 477 F.3d at 1353; Smalbein, 353 F.3d at 905; Williams, 531 F.2d at 1263-64; DeShiro, 183 F.R.D. at 286.[9]  The Court finds that

---

[8] When an action is voluntarily dismissed by a plaintiff without prejudice for lack of jurisdiction, a court has the authority to order the payment of just costs.  See 28 U.S.C. § 1919; Fed. R. Civ. P. 54(d); Nebus Family Ltd. P'Ship v. Newmar Corp., No. 2:10-cv-90-FtM-29DNF, 2011 WL 882083, at *1 (M.D. Fla. Mar. 11, 2011). Dismissal of this action was not based on a lack of jurisdiction.

[9] The Court has considered Defendant's assertion, offered for the first time in its reply brief, that the Court's setting aside of an entry of default altered the legal relationship of the parties such that Defendant should be considered a prevailing party.  (Def.'s Reply in Supp. of Mot. for Attorneys' Fees at 7).  The Court finds that the setting aside of an entry of default is not an action that granted any relief on a claim or altered Defendant's legal relationship with Plaintiff.  See

11

Defendant is not a prevailing party and is not entitled to an award of costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 12205.

B. Whether Defendant is entitled to an award of attorneys' fees as a sanction for Plaintiff's filing of a frivolous complaint or bad faith

Defendant seeks an award of sanctions against Plaintiff based on the Court's general power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (internal quotations omitted). The Court has the inherent power to impose sanctions against attorneys or clients, or both, who act "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting Chambers, 501 U.S. at 45-46), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). The threshold inquiry for whether sanctions should be imposed based on the Court's

---

Buckhannon, 532 U.S. at 603, 605; Smalbein, 353 F.3d at 905. That there was no alteration of the legal relationship is clear because the setting aside of an entry of default constituted the restoration of the *status quo* and left the parties as they were prior to the initiation of the action. See id.; see also Tex. State Teachers v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) (prevailing party status determined by the altering of the legal relationship between the parties at the time of resolution of the dispute); Markham v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers, 901 F.2d 1022, 1027-28 (11th Cir. 1990) (preservation of *status quo* of the parties at initiation of litigation is not alteration of legal relationship for purposes of determining prevailing party status).

inherent power is a finding of bad faith.  Byrne, 261 F.3d at 1106 (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) ("[t]he key to unlocking a court's inherent power is a finding of bad faith.")).  "Because the court's inherent power is so potent, it should be exercised with restraint and discretion."  Id. (internal quotation marks omitted).

Defendant also seeks sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, which authorizes an award against an attorney of "excess costs, expenses, and attorneys' fees reasonably incurred because of" conduct that "multiplies the proceedings in any case unreasonably and vexatiously."

Although the timing of Plaintiff's voluntary dismissal of his claim causes the Court to question the strength of his case and his counsel's litigating conduct, the Court finds Defendant has not demonstrated that sanctions based on the Court's inherent power or 28 U.S.C. § 1927 are appropriate.

It is undisputed that Plaintiff visited the hotel, inspected the premises, and filed his Complaint based on that inspection and what he asserts are ADA violations that he discovered.  Plaintiff also had his expert ADA inspector visit the hotel and prepare an additional report of ADA violations that supported his claims in his Complaint.  Defendant asserts that the results of Plaintiff's and his

inspector's inspections do not support the allegations in the Complaint and, therefore, this action is frivolous and has been litigated in bad faith.

The Court disagrees. Plaintiff filed his Complaint and alleged ADA violations at Defendant's hotel based on his visit to the facility and information that was subsequently discovered by Plaintiff's investigator. The information presented by Defendant in its Motion to Set Aside Default appears to be a meritorious defense to Plaintiff's claims of ADA violations at Defendant's property. Confronted with this information and what appeared to be a likelihood of additional litigation, it is understandable that Plaintiff, a self-described disabled advocate, elected to file his Notice of Dismissal rather than pursue his claims in what would be a costly and time-consuming litigation.

Having reviewed the Complaint and pleadings in this action, the Court thus finds that Plaintiff's allegations did not lack an arguable basis in law or fact such that the Complaint was frivolous and the record does not indicate that Plaintiff or his counsel acted in bad faith during this action.[10] The Court also finds that Defendant failed to satisfy the Court that Plaintiff's counsel acted in bad faith,

---

[10] The Court also notes that Rule 11(c)(2) of the Federal Rules of Civil Procedure requires a separate motion to be filed requesting sanctions. See Fed. R. Civ. P. 11(c)(2); Barnes v. Gulfstream Aerospace Corp., No. CV411-037, 2012 WL 463743, at *1 (S.D. Ga. Feb. 13, 2012) (collecting cases denying Rule 11 sanctions for failure to file a separate motion). Separate motions were not filed here that would support an award of sanctions based on Rule 11.

knowingly or recklessly pursued a frivolous claim, or unreasonably and vexatiously multiplied the proceedings such that an award of sanctions pursuant to 28 U.S.C. § 1927 is appropriate.  See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239-42 (11th Cir. 2007); Byrne, 261 F.3d at 1106.

Plaintiff's litigating conduct here may have been opportunistic and designed to seek a quick settlement of claims before becoming involved in protracted litigation.  While this has caused Defendant to bear the burden of defending this action until Plaintiff's voluntary dismissal,[11] the Court is unable to find, on the record before the Court, that the claim is frivolous, or that any party has acted in bad faith or in a manner that unreasonably or vexatiously multiplied the proceedings in this action.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's First Motion for Attorneys' Fees [19] and Second Motion for Attorney's Fees [23] are **DENIED**.

**IT IS FURTHER ORDERED** that, in light of the determination that Defendant is not a prevailing party, Plaintiff's Motion to Vacate Clerk's Judgment

---

[11] The Court notes that had Defendant filed an answer prior to Plaintiff filing his Notice of Dismissal, it could have sought the relief it now seeks—costs and attorneys' fees—as a condition of Plaintiff's dismissal of this action.  Fed. R. Civ. P. 41(a)(2).


for Costs to Defendant [25] is **GRANTED** and the March 19, 2012, taxation of costs issued by the Clerk of Court is **VACATED**.

**SO ORDERED** this 18th day of December, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE